1
2
3
4

5                  UNITED STATES DISTRICT COURT

6                  EASTERN DISTRICT OF WASHINGTON

7   MATTHEW STEVEN WILSON,

                                              NO:  1:14-CV-3023-TOR
8                             Plaintiff,

                                              ORDER GRANTING DEFENDANT'S
9        v.                                   MOTION TO DISMISS

10  UNITED STATES OF AMERICA

11                            Defendant.

12       BEFORE THE COURT are Plaintiff's Motion for Supplemental Pleadings

13  (ECF No. 18), Defendant's Motion to Dismiss (ECF No. 19), and Plaintiff's

14  Motion for Summary Judgment (ECF No. 20).  This matter was submitted for

15  consideration without oral argument.  The Court has reviewed the record and files

16  herein, and is fully informed.

17                              BACKGROUND

18       Plaintiff filed this action on February 28, 2014, alleging that he was

19  erroneously prohibited from purchasing a firearm.  ECF No. 1, 8.  By way of

20  providing background on the transaction, Defendant filed an affidavit of Brian

ORDER GRANTING MOTION TO DISMISS ~ 1

Allen Baker, a custodian of records for the Federal Bureau of Investigation.  ECF No. 19-1.  Baker reviewed the records in the National Instant Criminal Background Check Service (NICS) Audit Log relating to Plaintiff's attempted firearm purchase and subsequent denial.[1]

Baker's review indicates that Plaintiff attempted to purchase a firearm at Cabela's in Union Gap, Washington, on February 19, 2014.  *Id.* ¶ 22(a).  Cabela's initiated an NICS background check and the attempted transaction was assigned a unique NICS Transaction Number (NTN) of 2J8ZG49.  *Id.*  The background check was initially delayed because of a technology issue.  *Id.* ¶ 22(b).  The next day, a NICS Legal Instruments Examiner (Examiner) determined that Plaintiff's descriptive information matched an Indiana State criminal record for an individual with a conviction of "Possession Firearm School Property," a class D felony.  *Id.* ¶ 22(c)–(d).  Plaintiff has provided the Court with copies of his Indiana criminal

---

[1] The Court may consider Baker's affidavit in determining the jurisdiction of the Court.  *See Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).  The Court has also considered the facts presented in Plaintiff's filings, including the two motions now before the court.  Plaintiff has not contested the facts presented in Baker's affidavit at any point.  Indeed, Plaintiff's own filings and statements of fact are entirely consistent with Baker's affidavit.

ORDER GRANTING MOTION TO DISMISS ~ 2

transcript showing this conviction.  ECF Nos. 13, 20.  The Examiner determined that because of this conviction Plaintiff was prohibited from owning a gun under 18 U.S.C. § 922(g)(1).  ECF No. 19-1 ¶ 22(d).

Plaintiff requested an explanation for his denial and was mailed a letter informing him of the result of the NICS record search and advising Plaintiff that no further research on the matter would be conducted by the Examiner until Plaintiff submitted additional documentation or a fingerprint card.  *Id.* ¶ 22(f).  Between February 27, 2014, and March 5, 2014, Plaintiff submitted additional appeal requests, documents, and fingerprint cards.  *Id.* ¶ 22(g)–(j).  Plaintiff's appeal was reviewed by an Examiner on April 22, 2014.  *Id.* ¶ 22(k).  The Examiner concluded that the Indiana firearm conviction had been reduced under Indiana law from a felony to a misdemeanor after Plaintiff had served his sentence.  *Id*.  As such, the conviction did not prohibit Plaintiff from purchasing a firearm under § 922(g)(1) and the Plaintiff's record was updated to indicate this.  *Id.*  The Examiner, however, proceeded to conduct additional research to ensure Plaintiff was not prohibited from owning a firearm for any other reason.  *Id.*

On May 16, 2014, the Examiner determined that a disorderly conduct conviction in Indiana may prohibit Plaintiff from owning a firearm.  *Id.* ¶ 22(m).  This conviction is also shown on the copies of Plaintiff's Indiana criminal transcript that Plaintiff has provided to the Court.  ECF Nos. 13, 20.  The Examiner

mailed Plaintiff a letter requesting additional information that would assist the

Examiner in clarifying whether or not this conviction qualified as a crime of

domestic violence which would prohibit him from owning a firearm under

§ 922(g)(9).  ECF No. 19-1 ¶ 22(n).  Plaintiff responded with a letter that included

a fingerprint card and a copy of the court transcript relating to his conviction.  *Id.*¶

22(o).  On June 6, 2014, the Examiner contacted the Indiana police department that

had arrested Plaintiff to obtain an incident report.  *Id.* ¶ 22(q).  Based upon that

report, the Examiner concluded the incident was not a crime of domestic violence

and notified Plaintiff of that determination.  *Id.*¶ 22(q)–(r).

However, in the same letter, the Examiner notified Plaintiff that there was a

recent potentially prohibiting arrest in Washington State for which Plaintiff was

requested to submit additional information.  *Id.*¶ 22(r).  After further research, the

Examiner concluded on July 9, 2014, that Plaintiff's recent Washington State arrest

did not prohibit Plaintiff from purchasing a firearm.  *Id.*¶ 22(u).

On July 11, 2014, the Examiner mailed to Plaintiff an appeal certificate

indicating that Plaintiff may proceed with the attempted February 19, 2014, firearm

transaction, identified as NTN 2J8ZG49.  *Id.* ¶ 22(v).  The transaction status was

changed to "proceed."  *Id.*

Plaintiff was also provided with instructions on applying for a Voluntary

Appeal File (VAF), in order to facilitate processing NICS background checks for

1   future firearms purchases.  *Id.*  On July 18, 2014, Plaintiff filed a VAF application.

2   *Id.* ¶ 23.  On August 5, 2014, Plaintiff was assigned a Unique Personal

3   Identification Number (UPIN) associated with his entry in the VAF.  *Id.*¶ 23(b).

4        Plaintiff filed this action on February 28, 2014, seeking to correct the

5   information in his NICS background check in order to allow him to purchase the

6   firearm at issue in NTN 2J8ZG49.  ECF No. 1, 8.  Plaintiff has confirmed in both

7   motions presently before the court that he has been able to purchase firearms using

8   his UPIN and the information retained in the VAF.  ECF No. 18, 20.  Plaintiff

9   notes, however, that he has continued to be delayed on a number of occasions,

10  including once when he was delayed for almost two days.  ECF No. 20.  Plaintiff

11  has further requested that erroneous information in his NICS file from Indiana be

12  corrected so he does not have to use a UPIN to purchase a firearm.  ECF No. 18.

13  Defendant asserts that because Plaintiff is now able to purchase firearms that his

14  claim is moot and should be dismissed.  ECF No. 19.

15                              DISCUSSION

16       18 U.S.C. § 925A affords this Court jurisdiction to hear the claim of any

17  person who was denied the right to purchase a firearm because of an erroneous

18  NICS background check.  The Court has the authority to direct that erroneous

19  information be corrected and that a transfer be approved.  *Id.*  When Plaintiff filed

20  this suit on February 28, 2014, he was unable to complete the purchase of the

ORDER GRANTING MOTION TO DISMISS ~ 5

1    firearm he sought to procure from Cabela's on February 19, 2014.  At that point, a

2    live controversy existed about whether Plaintiff was qualified to own a firearm and

3    the Court had jurisdiction over that controversy.  *See United States v. Geophysical*

4    *Corp. of Alaska*, 732 F.2d 693, 698 (9th Cir. 1984).

5            As the case now stands, however, what relief the Court could order in regard

6    to that attempted transaction has already been provided.  At the time Plaintiff was

7    denied his purchase, the Court could do nothing more than to order the NICS to

8    correct the information in the database and to order that the transfer be approved.

9    This has already been accomplished through the NICS appeals process.  On July

10   11, 2014, the NICS cleared Plaintiff to purchase a firearm in NTN 2J8ZG49.

11   There exists no remaining controversy about Plaintiff's ability to complete that

12   transaction.  Any claim that Plaintiff had regarding the denial of his February 19,

13   2014, firearm purchase is now moot and is dismissed.  *See Geophysical Corp. of*

14   *Alaska*, 732 F.2d at 698 ("A claim is moot if it has lost its character as a present,

15   live controversy.").

16           The Court does not have jurisdiction over Plaintiff's remaining contention

17   that his Indiana criminal transcript should be corrected so he does not have to use a

18   UPIN.  As an initial matter, Plaintiff did not raise this issue in his Amended

19   Complaint.   ECF No. 8.  In the Amended Complaint, Plaintiff only contested the

20

ORDER GRANTING MOTION TO DISMISS ~ 6

denial of his February 19, 2014 transaction.  As such, Plaintiff's remaining contention is not properly before the Court.

Even were the issue before the Court, the Court does not have jurisdiction to order the State of Indiana to make corrections on Plaintiff's criminal transcript because the State of Indiana is not a party to these proceedings.  *See* 18 U.S.C. § 925A (stating that a plaintiff must bring an action "against the State or political subdivision responsible for providing the erroneous information").  The NICS Examiner can only interpret the records provided to it by the State of Indiana.  In this lawsuit, Plaintiff could only challenge the Examiner's interpretation.  Indeed, Plaintiff successfully challenged the Examiner's interpretation through the NICS appeals process.  Should Plaintiff wish to challenge the accuracy of the information on the Indiana criminal transcript itself, he must do so by applying directly to the State of Indiana to correct the transcript.  *See* 28 C.F.R. § 25.10(c).

Finally, the Court notes that it does not have jurisdiction in this case to order the NICS to function in a manner different than the one prescribed by law.[2]  As

---

[2] The NICS was established by the Brady Act.  Pub. L. 103-159, 107 Stat. 1536. The Attorney General was empowered by Congress to prescribe the regulations under which the NICS would function.  *Id.* § 103(h).  The NICS appeals process was established pursuant to that rule-making authority.  Plaintiff has raised no challenge to the propriety of this transfer of legislative authority, nor to the process

ORDER GRANTING MOTION TO DISMISS ~ 7

1    prescribed by law, a NICS background check is required for the purchase of a

2    firearm from any licensed importer, manufacturer, or dealer.  18 U.S.C.

3    § 922(t)(1).  The NICS is required to destroy all background check documents in

4    an approved firearm transaction within twenty-four hours.  28 C.F.R.

5    § 25.9(b)(1)(iii).  This can result in requiring prospective firearms purchasers with

6    potentially disqualifying criminal convictions to submit the same documentation

7    each time they wish to purchase a firearm, extensively delaying the purchase.  To

8    remedy this problem the NICS has established the VAF.  The VAF retains

9    documentation that establishes a purchaser's qualification to purchase a firearm

10   and enables NICS Examiners to avoid erroneous denials or extended delays in

11   subsequent background checks.  28 C.F.R. § 25.10(g); ECF No. 19-1 ¶16–21.

12        Because of Plaintiff's criminal history, his NICS background checks will

13   always return an automated response that the database contains potentially

14   disqualifying information.  This, in turn, will require a NICS Examiner to review

15   each transaction.  The VAF is designed to facilitate that review.  Plaintiff is not

16   required to be enrolled in the VAF, but doing so is the only way he can avoid

17   _____

18   of NICS rule-making, nor to the substance of the NICS regulations.  Therefore, the

19   Court has no subject-matter jurisdiction in this case to review the NICS appeals

20   process.

ORDER GRANTING MOTION TO DISMISS ~ 8

1  having to submit documentation establishing his qualification to purchase a firearm

2  for each and every firearm transaction.  In short, given Plaintiff's criminal history,

3  as displayed on his Indiana criminal transcript, his only recourse to a quicker

4  approval process for firearms purchases is the VAF system and his UPIN.

5  **IT IS HEREBY ORDERED:**

6      1.  Plaintiff's Motion for Supplemental Pleadings (ECF No. 18) is **DENIED**.

7      2.  Defendant's Motion to Dismiss (ECF No. 19) is **GRANTED**.

8          a.  All claims and causes of action in this matter are **DISMISSED** with

9             prejudice.

10      3.  Plaintiff's Motion for Summary Judgment (ECF No. 20) is **DENIED**.

11      The District Court Executive is hereby directed to enter this Order and

12  Judgment accordingly, furnish copies to the Plaintiff and Defendant's counsel, and

13  **CLOSE** the file.

14      **DATED** December 10, 2014.

15

16                      THOMAS O. RICE

                 United States District Judge

17

18

19

20

ORDER GRANTING MOTION TO DISMISS ~ 9